IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.

RENITA EVANS
_____/

INFORMATION
Case No. 4:14cr33-RH

THE UNITED STATES ATTORNEY CHARGES:

COUNT ONE

A. INTRODUCTION

At all times material to this Information:

1. K&R was a law firm located in Tallahassee, Florida, that did title work and conducted real estate closings.

2. K&R maintained a trust account and an operating account at Regions Bank in Tallahassee.

3. Client funds were held in escrow in K&R's trust account, and funds within the operating account were used for business expenses, including but not limited to, expenses related to real estate closings.

4. The defendant, **RENITA EVANS**, was the title closing agent for K&R.

5.     As the title closing agent, **RENITA EVANS** was authorized to access K&R's operating account and to use the debit card connected to that account for business expenses only.

## B. THE CHARGE

Between on or about November 1, 2009, and in or about September 2012, in the Northern District of Florida, the defendant,

**RENITA EVANS,**

did knowingly and willfully devise a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing this scheme to defraud, did knowingly cause wire communications to be transmitted in interstate commerce.

## C. THE SCHEME TO DEFRAUD

It was part of the scheme to defraud that:

1.     The defendant caused money to be electronically transferred from K&R's trust account to K&R's operating account without a legitimate business purpose, and without the knowledge, authorization, or consent of K&R and its principles.

2.     The defendant embezzled monies belonging to K&R and its clients by causing monies in the operating account to be transferred to accounts controlled by the defendant and to be withdrawn from that account in the form of bank checks payable to herself and to others not entitled thereto.

3. The defendant embezzled monies belonging to K&R and its clients by using the debit card connected to the operating account to withdraw cash and to purchase goods and services for her personal use and for the use of others not entitled thereto.

4. By this conduct, the defendant embezzled, stole, converted, and fraudulently obtained approximately $130,000 from K&R and its clients.

### D. WIRE COMMUNICATION

On or about September 4, 2012, in the Northern District of Florida, the defendant,

**RENITA EVANS,**

for the purpose of executing this scheme to defraud, did knowingly cause a wire communication to be transmitted in interstate commerce, that is, the defendant caused a direct wire transfer in the approximate amount of $3,500.00 to be transmitted from the Regions Bank closing trust account of K&R to the Regions Bank closing operating account of K&R.

In violation of Title 18, United States Code, Sections 1343 and 2.

### COUNT TWO

On or about September 4, 2012, in the Northern District of Florida, the defendant,

**RENITA EVANS,**

did knowingly use, without lawful authority, a means of identification of another person, that is, the name and personal identification number of H.R., during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), namely, wire fraud, as charged in Count One of this Information.

In violation of Title 18, United States Code, Section 1028A.

## CRIMINAL FORFEITURE

The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Upon conviction of the violation alleged in Count One of this Information, and pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the defendant,

### RENITA EVANS,

shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

If any of the property subject to forfeiture pursuant to Count One of this Information, as a result of any act or omission of the defendant:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred or sold to, or deposited with, a third person;

    iii.    has been placed beyond the jurisdiction of this Court;

    iv.    has been substantially diminished in value; or

    v.    has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the property subject to forfeiture under the provisions of Title 21, United States Code, Section 853(p), which is incorporated by reference in Title 18, United States Code, Section 981(a)(1), and Title 28, United States Code, Section 2461(c).

_Pamela C. Marsh_
PAMELA C. MARSH
United States Attorney

May 23, 2014
DATE

_Christopher P. Canova_
CHRISTOPHER P. CANOVA
Assistant United States Attorney

May 23, 2014
DATE

5